# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| JOSEPH M. STILL BURN CENTERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DEREK M. CULNAN, M.D.; MISSISSIPPI BURN, HAND, AND RECONSTRUCTION CENTERS PC; and MAGNOLIA MEDICAL MANAGEMENT LLC, <br><br> Defendants. | Civil Action No.: _____ |

## TEMPORARY RESTRAINING ORDER

Upon consideration of the verified complaint of Plaintiff, Plaintiff's Motion for Temporary Restraining Order, all supporting declarations and supporting memoranda of law, the Court finds that Plaintiff has demonstrated: (1) a substantial likelihood of success on the merits; (2) that Plaintiff will suffer irreparable harm unless the Temporary Restraining Order issues; (3) the threatened harm to Plaintiff outweighs the damage the proposed injunction may cause the Defendants; and (4) if issued, the Temporary Restraining Order would not be adverse to the public interest. As required by Federal Rule of Civil Procedure 65(b)(1)(B) counsel for Plaintiff has certified in writing efforts made to give notice to Defendants. Accordingly, it is HEREBY ORDERED that Plaintiff's Motion is GRANTED as follows:

    A.    Defendants are restrained and enjoined from employing or continuing to employ any persons that were employed by JMS at the time of Dr. Culnan's termination from JMS on October 25, 2022;

    B.    Defendants are restrained and enjoined from soliciting any JMS patients whom Dr. Culnan treated during the twelve (12) months prior to the termination from JMS;

    C.    Defendants are restrained and enjoined from utilizing, disclosing, misappropriating, or converting any JMS confidential information;

    D.    Defendants are ordered to return all of JMS's confidential information without retaining any copies of the same;

    E.    Defendants are ordered to preserve any JMS confidential information in their possession;

    F.    Plaintiff is permitted to conduct a forensic examination of all electronic devices and media in the possession, custody, or control of Defendants, and any former employees of JMS that are employed by any Defendant, including, without limitation, computers, tablets, external hard drives, other external media and storage devices, smart phones, and e-mail accounts. Defendants are ordered to cooperate with such examination.

Pursuant to the Employment Agreement attached to Plaintiff's Complaint as Exhibit 1, Plaintiff is not required to post bond.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect until the earlier of fourteen (14) days from the date of this Order, or until this Court's determination of whether this temporary restraining order should be converted into a preliminary injunction.

SO ORDERED, this _____ day of January, 2023.

_____
Judge, United States District Court