## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

JOSEPH M. STILL BURN CENTERS,
INC.,

       Plaintiff,

v.

DEREK M. CULNAN, M.D.; MISSISSIPPI
BURN, HAND, AND
RECONSTRUCTION CENTERS PC; and
MAGNOLIA MEDICAL MANAGEMENT
LLC,

       Defendants.

Civil Action No.: 123-004

## ORDER

Upon consideration of the verified complaint of Plaintiff, as well as Plaintiff's Motion for Temporary Restraining Order ("TRO"), all supporting declarations and supporting memoranda of law, the Court finds, based upon the findings set forth in the hearing on this matter held earlier today, that Plaintiff Joseph M. Still Burn Centers, Inc. ("JMS") has satisfied its burden of persuasion on all four elements of a TRO with respect to the confidentiality clauses and customer/patient non-solicitation clauses: (1) a substantial likelihood of success on the merits; (2) that Plaintiff will suffer irreparable harm unless the TRO issues; (3) the threatened harm to Plaintiff outweighs the damage the proposed injunction may cause the Defendants; and (4) if issued, the TRO would not be adverse to the public interest. However, at this time, the Court is not persuaded the elements favor the issuance of the requested TRO as it relates to the employee non-solicitation clause to "restrain[] and enjoin[] from employing or continuing to employ. . . ." (Doc. 3-1, at 1.) Nonetheless, the Court finds a limited scope of that request is proper.

Accordingly, it is **HEREBY ORDERED** that Plaintiff's Motion is **GRANTED** as follows:

A.  Defendants are restrained and enjoined from further soliciting or hiring any persons that were employed by JMS at the time of Dr. Culnan's termination from JMS on October 25, 2022;

B.  Defendants are restrained and enjoined from soliciting any JMS patients whom Dr. Culnan treated during the twelve (12) months prior to the termination from JMS;

C.  Defendants are restrained and enjoined from utilizing, disclosing, misappropriating, or converting any JMS confidential information;

D.  Defendants are ordered to return all of JMS's confidential information without retaining any copies of the same;

E.  Defendants are ordered to preserve any JMS confidential information in their possession; and

F.  Plaintiff is permitted to conduct a forensic examination of all electronic devices and media in the possession, custody, or control of Defendants, and any former employees of JMS that are employed by any Defendant, including, without limitation, computers, tablets, external hard drives, other external media and storage devices, smart phones, and e-mail accounts. Defendants are ordered to cooperate with such examination.

Pursuant to the Employment Agreement attached to Plaintiff's Complaint as Exhibit 1, Plaintiff is not required to post bond.

**IT IS FURTHER ORDERED** that this TRO shall remain in effect until the earlier of fourteen (14) days from the date of this Order, or until this Court's determination of whether this temporary restraining order should be converted into a preliminary injunction, the hearing for

which is scheduled for **Friday, January 20, 2023 at 10:00 a.m.** in the Second Floor Courtroom of the United States District located at 600 James Brown Boulevard, Augusta, Georgia 30901.

**SO ORDERED**, this _/0ᵗʰ_ day of January, 2023, at _4:40_ p.m.

_____

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA